1  Collette Stark (Not an attorney)
2  2175 Cowley Way
   San Diego, CA 92110
3  (619) 347-0726

4  Plaintiff In *Pro Per*

5

6

7  ## THE UNITED STATES FEDERAL DISTRICT COURT

8  ## SOUTHERN DISTRICT OF CALIFORNIA

9

10  Collette Stark,                                    ) Civil Case No.  '19 CV 2169 DMS MSB

11            Plaintiff,                               )
                                                       )
12     vs.                                             )   1. NEGLIGENT VIOLATIONS OF
                                                       )      THE TELEPHONE
13  FORMULA 5 CAPITAL, INC., a                         )      CONSUMER PROTECTION
                                                       )      ACT [47 U.S.C §227 (b)]
14  California limited liability company,              )   2. WILLFUL VIOLATIONS OF
                                                       )      THE TELEPHONE
15            Defendant.                               )      CONSUMER PROTECTION
                                                       )      ACT [47 U.S.C. §227(b)]
16                                                     )   3. NEGLIGENT VIOLATIONS OF
                                                       )      THE TELEPHONE
17                                                     )      CONSUMER PROTECTION
                                                       )      ACT [47 U.S.C. §227 (c)]
18                                                     )   4. WILLFUL VIOLATIONS OF
                                                       )      THE TELEPHONE
19                                                     )      CONSUMER PROTECTION
                                                       )      ACT [47 U.S.C. §227(c)]
20                                                     )   5. VIOLATION OF CALIFORNIA
                                                       )      INVASION OF PRIVACY
21                                                     )      ACT [PC §632.7]
                                                       )
22                                                     )
                                                       )
23                                                     )
                                                       )
24                                                     ) JURY TRIAL REQUESTED
                                                       )
25

19cv

Plaintiff Collette Stark ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge:

## I.   NATURE OF THE CASE

1.     Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of FORMULA 5 CAPITAL, INC., a California corporation  ("Defendant" or "Formula 5 Capital"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  Further, Defendant violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing call it made to Plaintiff without disclosing that such call was being recorded by Defendant, all in violation of PC §637.2 and PC §632.7.

2.     Formula 5 Capital, Inc. also uses the name Formula Funding and any judgement should be rendered against both names.

## II.  JURISDICTION & VENUE

3.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court

19cv

jurisdiction.

4.     The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims.

5.     This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

6.     This Court has personal jurisdiction over Formula 5 Capital, Inc. because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, Formula 5 Capital, Inc. made illegal telemarketing robocalls to Ms. Stark, with area code 619, while she was in California.   Formula 5 Capital, Inc. has also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.

7.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and because Defendant does business within the State of California and Plaintiff resides within the County of San Diego.

8.     Defendant has purposefully directed its activities into California and has thus enjoyed the benefits and protections of California law.

### III.  PARTIES

9.     Plaintiff, Collette Stark. ("Plaintiff"), is an individual and resident in

19cv

California.

10.     Defendant Formula 5 Capital, Inc. is a business loan company, and is a "person" as defined by 47 U.S.C. § 153 (39).

11.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants. Defendant controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that Defendant required its agent to record each telemarketing call.

PLAINTIFF STARK'S INITIAL COMPLAINT- 4

# VI.  FACTUAL ALLEGATIONS

13.    On or about November 3, 2019, Defendant contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -0726, in an attempt to solicit Plaintiff to purchase Defendant's services.   Defendant used a pre-recorded message at the beginning of the call which directly violated Civil Code §1770(a)(22)(A).  Plaintiff gives notice of and reserves the right to amend this complaint as soon as discovery proves that Defendant has also violated Civil Code §1770(a)(22)(A).

14.    Defendant FORMULA 5 CAPITAL, INC., is a regular corporation formed in California on October 12, 2011 with Secretary of State ID number C3419023.

15.    Defendant Formula 5 Capital, Inc. used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff merchant credit card processing.

16.    Defendant is being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5) and PC §§632.7 and 637.2.

17.    Defendant Formula 5 Capital, Inc. is located 1001 S. Main Street Suite 49, Kalispell, MT 59901 and 5465 Morehouse Drive, San Diego, CA 92121.

18.    Federal Rule of Civil Procedure 8(b)(2) requires a denial in the Answer to this Complaint to be fairly responded to and not merely a blanket denial without explanation.

19.    Defendant owns and uses www.formulafunding.com which can be viewed in

can be viewed in California.

20. Jason Marks is an officer of Defendant.

21. Jason Marks is an owner of Defendant.

22. Jason Marks called Plaintiff from 858-333-8088 to 619-347-0726 and spoke to Collette Stark. Many of the calls had a spoofed caller ID that did not even resemble a local phone number.

23. Defendant called Plaintiff to solicit on 11/13/2019 at 11:50 AM from 858-333-8088.

24. Defendant called Plaintiff to solicit on 11/13/2019 at 12:25 PM from a blocked number.

25. Formula 5 Capital, Inc. does not have a California Finance Lender license.

26. Defendant has failed to obtain a bond as required of all lending organizations in California.

27. Formula 5 Capital, Inc. has never filed a California state tax return.

28. Formula 5 Capital, Inc. has been sued for TCPA violations in the past.

29. Formula 5 Capital, Inc. is illegally doing business in California.

30. Formula 5 Capital, Inc. has failed to register as a telemarketer in California with the California Department of Justice.

31. Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

19cv

32.     Formula 5 Capital, Inc. exerts control over their third party telemarketing lead source.

33.     Formula 5 Capital, Inc. requires its lead source to ask certain questions of the prospective clients before the lead source can transfer the call to Formula 5 Capital, Inc. employees.

34.     Formula 5 Capital, Inc. began harassing Plaintiff on or about August 30, 2019 at which time Plaintiff expressly told Defendant to stop calling and to send a written copy of its Do Not Call policy.   Then Defendant called again and again.

35.     Additionally, Defendant hired Jason Marks to call Plaintiff from 858-283-5035 several more times on November 13, 2019 to illegally sell Plaintiff bogus merchant cash advance loans.  There were many calls prior to these because Jason Marks already knew Plaintiff's name and email address.

36.     Calling Plaintiff's cell phone in California prior to 8:00 AM is a violation of the FTC and FCC regulations and therefore a violation of 47 USC §227(c)(5).

37.     Defendant Formula 5 Capital, Inc. also called Plaintiff from a blocked number on September 26, 2019 at or around 3:30 PM.  Plaintiff did not consent to, nor give permission for, the subsequent call made by Defendant to Plaintiff.

38.     Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA.  The initial lead source always plays coy and will not divulge who they are or who they are working for.  That in and of itself is a

19cv

violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5). The only way that Plaintiff can find out who the TCPA violator is, is to fain interest and "play along" on the call as the telemarketer reads the script and illegally records the responses so they can sell the lead to Defendant Formula 5 Capital, Inc.

39.    Further, consent must be in writing and signed by the person called. Plaintiff did not sign any consent to be called.

40.    The Honorable District Judge Chad F. Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

41.    Judge Kenney was referring to the TCPA when he made this above statement on the record.

42.    Defendant directly called Plaintiff on her DNC registered cell phone in violation of the TCPA.

43.    The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Formula 5 Capital, Inc..

44.    Formula 5 Capital, Inc. has been illegally calling Ms. Stark, without her consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS. Ms. Stark brings this action under the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Formula 5 Capital, Inc., to change their ways.  To be clear, Plaintiff is suing Formula 5 Capital, Inc. for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed called to Plaintiff cell phone.

45.     Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff  seeking to solicit its services.

46.     Defendant contacted or attempted to contact Plaintiff from telephone numbers 201-654-4323 confirmed to be Defendant's number.

47.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

48.     During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendant or its agents.

49.     Further, Plaintiff's cellular telephone number ending in -0726 was added to the National Do-Not-Call Registry on or about February 13, 2007.

50.     Defendant placed multiple calls soliciting its business to Plaintiff on its

cellular telephones ending in -0726 in or around August 2019 and continuing through November 2019.

51.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

52.    Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

53.    Defendant continued to call Plaintiff on its telephone number -0726 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

54.    Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §227(c)(5).

55.    Plaintiff was harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff via her telephone for solicitation purposes, thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

56.    Plaintiff is suing as a person that received numerous solicitation calls from

Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant.

57.     Defendant illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendant owes Plaintiff $5,000 for each and every illegally recorded call.

58.     Jason Marks admitted on the last call that all calls that he made and that his company made to Stark were recorded and that he could send Stark a copy of those recorded calls, none of which had any disclosure or warning of the fact of recording.

59.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

60.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

61.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

## V.  STANDING

62.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, her complaint "must be held to less stringent

standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

63.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

64.     A valid injury in fact;

65.     which is traceable to the conduct of Defendant;

66.     and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

### The "Injury in Fact" Prong

67.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in

order to satisfy the requirements of Article III of the Constitution, as laid out in

*Spokeo* (Id.).  For an injury to be "concrete," it must be a de facto injury, meaning

that it actually exists.  In the present case, Plaintiff was called on her cellular phone

at least five times by Defendant.  In fact, Plaintiff expressly informed Defendant to

cease and desist from all future telemarketing on the very first call.  Such calls are

a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the

fact that Plaintiff's phone number, at all times relevant to this litigation, was on the

National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff

had no prior business relationship with Defendant prior to receiving the seriously

harassing and annoying calls by Formula 5 Capital, Inc.   All of Plaintiff's injuries

are concrete and de facto. For an injury to be "particularized" means that the injury

must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,*

135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's

phone that was called and it was Plaintiff who answered the calls.  It was

Plaintiff's personal privacy and peace that was invaded by Defendant's persistent

phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no

prior business relationship with Defendant and Plaintiff's attempt to avoid the

damage by registering her number on the DNC Registry.

**The "Traceable to the Conduct of Defendant" Prong**

68.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendant.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendant directly, or by Defendant's agent at the express direction and control of Defendant.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

69.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution

have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

70.    "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at

1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

71.    Here, Plaintiff alleges that Defendant Formula 5 Capital, Inc. contacted her using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are solicitation advertisements: they advertise Defendant Formula 5 Capital, Inc.'s services for which Plaintiff has absolutely not use or interest. Third, Plaintiff declares that she has never heard of Defendant Formula 5 Capital, Inc., visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided her cellular telephone number to said Defendant or consented to receive calls from Defendant. Plaintiff also has had no prior business relationship with Defendant. Plaintiff had no reason to be in contact with Defendant Formula 5 Capital, Inc. nor has she ever purchased any kind of product or service that they are selling. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages illegally and in direct violation of the TCPA.

72.    In Plaintiff's case, the allegations establish that she did not give prior express consent. She declared that she was "the regular user and subscriber to the cellular telephone number at issue." She also declared that she has "never heard of

[Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded messages, nor to use an ATDS.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

73.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-79.

74.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

75.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

76.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

19cv

**47 U.S.C. §227(b)**

77.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-83.

78.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

79.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

80.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **THIRD CAUSE OF ACTION**

### **Negligent Violations of the Telephone Consumer Protection Act**

81.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-87.

82.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47

U.S.C. § 227 (c)(5).

83.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c),

Plaintiff is entitled an award of $500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

84.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

in the future.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

85.     Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-90.

86.     The foregoing acts and omissions of Defendant constitute numerous and

multiple knowing and/or willful violations of the TCPA, including but not limited

to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in

particular 47 U.S.C. § 227 (c)(5).

87.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §

227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each

and  every violation, pursuant to 47 U.S.C. §227(c)(5).

88.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

in the future.

# FIFTH CAUSE OF ACTION

## California Invasion of Privacy Act

## PC §632.7 and PC §6372

89.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-95.

90.     The foregoing acts and omission of Defendant constitute numerous and multiple knowing and/or willful violations of CPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

91.     As a result of Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendant owes Plaintiff $5,000 per call.

92.     Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit Defendant from illegally recording calls to Plaintiff ever again.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §637.2

- $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the call.

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 13ᵗʰ day of November, 2019.

/S/ Collette Stark
Collette Stark, Plaintiff

19cv

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS116944
Cashier ID: akukura
Transaction Date: 11/13/2019
Payer Name: collette stark
-------------------------------------
CIVIL FILING FEE
 For: collette stark
 Case/Party: D-CAS-3-19-CV-002169-001
 Amount:          $400.00
-------------------------------------
CASH
 Amt Tendered:  $400.00
-------------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.